NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COLUMBUS FERGUSON,                :
                                     Civil Action No. 06-3166 (NLH)
          Petitioner,             :

     v.                           :   **OPINION**

HARLEY G. LAPPIN, et al.,         :

          Respondents.            :

**APPEARANCES:**

Petitioner pro se
Columbus Ferguson
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**HILLMAN**, District Judge

     Petitioner Columbus Ferguson, a federal prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the conviction and

---

[1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

sentence pursuant to which he is confined, and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Based on his affidavit of indigence, the Court will (1) grant Petitioner's application to proceed in forma pauperis. Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer it, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## I. BACKGROUND

The following background facts are taken from the Petition, and are accepted as true for purposes of this Opinion and accompanying Order, or they are taken from judicial records.[2]

Petitioner was convicted pursuant to a guilty plea of conspiracy to possess with intent to distribute a quantity of cocaine and heroin in violation of 21 U.S.C. § 846. See United States v. Ferguson, Criminal Action No. 92-0268 (W.D.N.C.); Petition, Ex. B-2. Pursuant to a remand following direct appeal, Petitioner was sentenced to a term of 240 months imprisonment to be followed by five years supervised release. (Petition, Ex. B-

---

[2] This Court will take judicial notice of its own docket and of the dockets of other federal courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

2.)³  Petitioner contends that he was improperly re-sentenced as a career offender.

On January 23, 1997, Petitioner filed in the trial court a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.  See Ferguson v. U.S., Civil Action No. 97-0033 (W.D.N.C.).  On March 20, 1998, the trial court denied the motion.  Almost a year later, on February 16, 1999, the trial court received Petitioner's motion for relief from judgment, which it denied.  On October 6, 1999, the Court of Appeals for the Fourth Circuit denied a certificate of appealability.  See U.S. v. Ferguson, No. 99-6553 (4th Cir.).

On July 15, 2003, the Court of Appeals for the Fourth Circuit denied Petitioner's motion for leave to file a successive § 2255 motion.  See In re Ferguson, No. 03-0209 (4th Cir.).

On September 20, 2004, this Court received Petitioner's first petition for writ of habeas corpus under 28 U.S.C. § 2241.  See Ferguson v. Miner, Civil Action No. 04-4545 (JEI).  In that Petition, Petitioner argued that (a) being sentenced as a career offender was in error; (b) on resentencing the District Court failed to hold a proper hearing or make proper factual and legal findings dealing with his criminal history category or his career offender status; (c) his original guilty plea was compromised by

---

³ Petitioner does not indicate whether he appealed this sentence.  The records available on PACER (the Public Access to Court Electronic Records) do not reflect any appeal.

the failure of the District Court at the original sentencing to hold a hearing on matters related to his criminal history; and (d) he was denied due process in connection with his sentencing hearing. The Honorable Joseph E. Irenas of this Court denied relief, without prejudice to Petitioner's filing an application with the Court of Appeals for the Fourth Circuit for leave to file a repeat petition, on the ground that Petitioner had failed to establish that the remedy provided by § 2255 would be inadequate or ineffective to test the legality of Petitioner's detention. In denying relief, Judge Irenas explicitly rejected Petitioner's characterization of his claim as one attacking the "execution" of his sentence.

> In articulating the grounds for relief Petitioner repeatedly suggests that the Bureau of Prisons (BOP) acted improperly or illegally in the "execution" of the sentence. This phrasing appears to be a crude attempt to get around his problem, discussed infra, with using § 2241 rather than §2255 as the vehicle for relief. In fact, the petition makes clear that the BOP is executing the sentence as handed down by the Court, and that his unhappiness is with the Court, not with the BOP.

Ferguson v. Miner, Civil Action No. 04-4545 (JEI), Order entered October 18, 2004, at 3, n.1. Petitioner did not attempt to appeal this decision.

On July 13, 2006, this Court received Petitioner's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Again, Petitioner characterizes his claim as one of unlawful execution of his sentence based upon a Presentence Investigation

Report and Judgment that falsely represent that Petitioner is a career offender. Again, Petitioner complains that the trial court failed to make appropriate findings in explaining the basis for his sentence of 240 months imprisonment. (Petition, ¶¶ 2-5.)

This Court has not required Respondents to Answer as it is apparent from the face of the Petition that this Court lacks jurisdiction.

## II. ANALYSIS

### A. Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221

5

F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.  Petitioner's claim

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Although Petitioner characterizes his claim as a challenge to the execution of his sentence under § 2241, it is apparent that the challenge is to the judgment itself and must be brought under § 2255 unless remedy by that motion is "inadequate or ineffective to test the legality of his detention," or unless the appropriate Court of Appeals certifies his filing of a second or successive petition under the limited grounds permitted by § 2255.[4]

---

[4] A Court of Appeals may certify a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty

As noted above, Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

---

of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

7

Petitioner's inability to meet the gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition. To the contrary, Petitioner asserts that he litigated before the trial court the issue whether he was a career offender. (Petition, ¶ 19.) Petitioner had the opportunity to continue to press his contentions on direct appeal and on a § 2255 motion in the trial court.

Moreover, Petitioner has pursued a § 2255 motion in the trial court. Accordingly, this Petition must be construed as a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[5] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of

---

[5] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. 28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit as a motion for leave to file a second or successive § 2255 motion. Petitioner has had ample opportunity to pursue his claims in the trial court and in the Court of Appeals for the Fourth Circuit, which has already denied Petitioner leave to file a second or successive § 2255 Petition. In addition, Petitioner fails to assert claims that fall within the grounds permitted for second or successive § 2255 motions. Accordingly, it does not appear that it would be in the interest of justice to transfer this matter to the Court of Appeals for the Fourth Circuit.

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.

Camden, New Jersey
Dated: Nov. 6, 2006

Noel L. Hillman
United States District Judge